[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before this court is plaintiff's motion for admission of two attorneys at law pro hac vice.
The plaintiff, Rita Wissink, filed a four count, revised complaint on August 2, 1994, against the defendants Dr. Isaac Goodrich and the Neurological Associates of New Haven. She alleges that the defendant, Dr. Goodrich, was negligent in performing back surgery on her. The plaintiff specifically alleges that he failed to obtain proper informed consent, failed to provide proper pre-operative treatment, failed to diagnose her condition properly, performed the operation improperly, and failed to give her proper post-operative treatment.
On June 28, 1994, plaintiff, through her attorney, who is admitted to the bar of this State, filed a motion for admission pro hac vice of Bertram Fisher and Kevin McDonald, each of whom is a member of the Bar of the State of New York, in good standing. Defendants, on July 21, 1994, filed an objection to said motion.
Section 24 of the Practice Book states that "[a]n attorney who is in good standing at the bar of another state . . . may, upon special and infrequent occasion and for good cause shown upon written application presented by a member of the bar of this state, be permitted in the discretion of the court to participate to such extent as the court may prescribe in the presentation of a cause or appeal . . . ." Herrmann v. Summer Plaza Corp. , 201 Conn. 263, 267. The application must be accompanied by an affidavit attesting to the professional conduct and status of the attorney. Practice Book § 24. An attorney from Connecticut must be present at all proceedings, sign all documents, and take responsibility for the appearing attorney. Practice Book § 24. Good cause "shall be limited to facts or circumstances affecting the personal or financial welfare of the client and not the attorney." (Emphasis added.) Herrmann v. Summer Plaza Corp. , supra, 267, quoting Practice Book § 24. The factors in establishing good cause under § 24 may include a showing of a relationship between attorney and client predating the cause of action or subject matter of the litigation at bar, the specialized skill or knowledge of the attorney seeking to appear, or the inability of the litigant to obtain representation by Connecticut counsel. Id., citing Practice Book § 24.
As to the procedure followed in this case, this court observes that the proper procedure to follow under said § 24 is the presentation of a written application by a "member of the bar of CT Page 11470 this state"; the filing of a motion by plaintiff through her Connecticut attorney is not appropriate. Silverman v. St. Joseph'sHospital, 168 Conn. 160, 180.
"The decision to grant or deny an application to appear pro hac vice rests within the sound discretion of the court." EnquirePrinting Publishing Co. v. O'Reilly, 193 Conn. 370, 373. The court considers the "facts or circumstances affecting the personal or financial welfare of the client." Enquire Printing PublishingCo. v. O'Reilly, supra, 193 Conn. 375. "This limited scope of inquiry strikes the balance between the state's interest in regulating attorneys seeking to be admitted to practice pro hac vice and the litigant's interest in obtaining counsel of his own choice. In this period of greater mobility among members of the bar and the public, and the corresponding growth in interstate business, a court should reluctantly deny an application to appear pro hac vice. A litigant's request to be represented by counsel of his choice, when freely made, should be respected by the court, unless some legitimate state interest is thwarted by admission of the out-of-state attorney." Id.
In the present case, improper and proper reasons for this court to grant the motion have been presented. Lawyers are not in the business of financing litigation. The court must look at the client's and not the attorney's welfare when deciding whether to grant an admission pro hac vice. See Silverman v. St. Joseph'sHospital, 168 Conn. 160, 178-79. It is irrelevant to the court's decision regarding this motion whether a solo practitioner can afford the costs and expenses of litigation. It is the party and not the lawyer who is ultimately responsible for the costs and expenses of litigation. Rule 1.8 Rules of Professional Conduct. A lawyer's lack of financial resources to fund litigation is an improper factor for this court to consider.
Beyond this impermissible argument of a lawyer's lack of financial resources, based on the supporting papers, the plaintiff does establish good cause for the admission pro hac vice of out-of-state counsel. Attorneys Bertram Fisher and Kevin McDonald focus their practice on medical malpractice cases and are experienced in handling complex medical malpractice cases. Each of them is admitted to the Bar of the State of New York and each is in good standing. Importantly, the plaintiff was unable to find additional Connecticut counsel to assist in her representation. The plaintiff's Connecticut counsel will be present at all proceedings and will sign all documents as required under Practice Book § 24. CT Page 11471 Finally, the defendants do not advance a legitimate state interest which would be thwarted by the admission pro hac vice of each attorney.
Based on the supporting papers, good cause has been shown to admit pro hac vice each of the out-of-state attorneys and to conclude their admission will beneficially affect her welfare. The court should grant the plaintiff's motion for admission of the individual attorneys Bertram Fisher and Kevin McDonald subject to certain requirements.
Accordingly, the individual attorneys, Bertram Fisher and Kevin McDonald, are admitted pro hac vice, and upon filing an appearance in this case each attorney shall be subject to the laws of Connecticut, the Connecticut Rules of Professional Conduct and the rules of practice regulating the conduct and practice of attorneys admitted for all purposes in this state, and shall be subject to discipline including contempt, and reprimand, suspension, or revocation of his privilege to practice pro hac vice.
Also, on filing an appearance in this case, each attorney: (1) shall execute and file with the clerk a completed appearance form together with (i) a written commitment to observe the Connecticut Rules of Professional Conduct and other rules regulating the conduct and practice of attorneys admitted to practice in this State; (ii) a duly acknowledged instrument in writing setting forth counsel's address, which each counsel shall keep current, and designating the Chief Clerk of the Superior Court for the Judicial District of New Haven at New Haven as his agent upon whom process and notice may be served; and (iii) a written commitment to notify said clerk of counsel's resignation from practice in any state or jurisdiction in which said person has been admitted to practice law, or of any censure, reprimand, suspension, revocation or other disciplinary action relating to his right to practice in such state or jurisdiction.
Service of process on the clerk pursuant to the designation filed as aforesaid shall be made by personally delivering to and leaving with the Chief Clerk, or with a deputy or assistant authorized by the clerk to receive service, duplicate copies of such process together with a fee of $20. Service of process shall be complete when the clerk has been so served. The clerk shall no later than the seventh day following such service send one of the copies to counsel to whom the process is directed, by certified CT Page 11472 mail, return receipt requested, addressed to counsel at the most current address in this court file.
Such service shall have the same effect as if made personally upon counsel in any action or proceeding brought against counsel and arising out of or based upon any conduct relating to this case, including (a) legal services rendered or offered to be rendered by the counsel to residents of the State of Connecticut, relating to this case, and (b) any contempt and disciplinary proceeding relating to this case.
In imposing any sanction against counsel pro hac vice, the court may act sua sponte or on the recommendation of the statewide grievance committee. To the extent feasible, the court shall proceed in a manner consistent with the Practice Book rules governing discipline of the bar of the State of Connecticut.
Fracasse, J.