[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED APRIL 24, 1996
The plaintiff moved to allow Michael Fishman, an attorney licensed to practice in New York and New Jersey, to appear for her pro hac vice in this dissolution action.
This action was returnable to February 28, 1995. The defendant was represented by a Connecticut licensed attorney from the inception of suit to March 8, 1996 when another Connecticut law firm appeared in lieu of the plaintiffs initial counsel.
The Practice Book in Section 24 sets out the requirements to be met and the elements to be considered.
Attorney Fishman has submitted an affidavit that states that he has been asked to represent the plaintiff because of her loss of confidence in her prior counsel caused by severe philosophical differences between them. CT Page 2895-RRR
There has been no prior professional relationship between the plaintiff and Attorney Fishman. His services are to be paid for by the plaintiff's sister and her husband. They have not offered to pay for any other attorney. The court should respect a litigant's request to be represented by counsel of her choice when freely made, Enquire Printing and Publishing Co. v.O'Reilly, 193 Conn. 370, 477 A.2d 648 (1984). This court is not convinced, under this financial arrangement that the plaintiff has made an unfettered choice.
The plaintiff did not testify. The file contains no motion for an allowance to prosecute.
The plaintiff has made no showing that she has been unable to obtain competent Connecticut counsel to try this case, Silvermanv. St. Joseph's Hospital, 168 Conn. 160, 363 A.2d 22 (1975), as was shown in Wissink v. Goodrich, 13 Conn. L. Rptr. 58 (1994) Judicial District of New Haven No. 353773 (Fracasse, J.).
The plaintiff has failed to establish good cause for granting this application.
The application is denied.
HARRIGAN, J.